UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 74-cv-00926-WYD

CHARLES GURULE,

    Plaintiff,

v.

ALEX WILSON, Warden, Colorado State Penitentiary; JACK COPELLI, Associate Warden, et al.,

    Defendants.

_____

**ORDER**
_____

    THIS MATTER is before the Court in connection with several motions filed by pro se litigant Lynda Mae Fratis including Ms. Fratis's Motion for Contempt Order, filed January 6, 2005, Motion for Order to Presearve [sic] Status Quo, filed August 4, 2005, and Motion for Summary Judgment, filed August 22, 2005 (collectively "Motions"). For the reasons set forth herein, the Motions filed by Ms. Fratis are **DENIED**.

    This case is a thirty-one year only consolidated civil rights action brought by inmates of the Colorado State Penitentiary pursuant to U.S.C. § 1983 in which the Plaintiffs sought to require the Defendant prison officials to provide due process before adversely affecting their conditions of confinement. *Gurule v. Wilson*, 635 F.2d 782, 784 (10th Cir. 1981). In connection with settlement discussions in the case, Defendants adopted an internal Manual that set forth certain procedures concerning regressive classification of prison inmates. *Gurule*, 635 F.2d at 785. The Manual was officially adopted on January 11, 1977. *Id.* This Court entered judgment in this case on April 6,

1978, ordering Defendants to comply with the procedures set forth in the Manual. *Id.* On July 10, 1978, Plaintiffs filed a contempt motion citing five violations of this Court's April 6, 1978, Order. All of the violations involved inmates who were not named Plaintiffs. *Id.* This Court rejected Defendant's assertion that any remedies available to these prisoners had to be sought in an independent action and, at Plaintiffs' request, the matter was certified as a class action that included:

> [a]ll present and future inmates of the Colorado State Penitentiary who have been or will be transferred within the prison where such transfer represents a major change in the conditions of confinement and is a result of regressive classification of such inmates.

*Id.* at 785, 790, n. 3. This Court later decertified the class. On appeal, the Tenth Circuit concluded that "[s]ince the district court erred in its ultimate conclusion that it was without authority to certify the class after it had decided the merits [of the case], we reinstate its order holding the suit maintainable as a class action under Rule 23(b)(2)." *Id.* at 790. Ms. Fratis is a convicted felon currently incarcerated in the State of Colorado at the Pueblo Minimum Center in Pueblo, Colorado. She has filed Motions in this case asserting that she is a member of the inmate class.

In her Motion for Contempt Order Ms. Fratis asserts that she was "regressively reclassified" in violation of her due process rights and the Colorado Department of Corrections ("CDOC") Manual. The Motion for Contempt focuses on the CDOC's failure to provide her notice and an opportunity to attend a reclassification hearing at which her placement in the DOC's Intensive Supervision Program ("ISP") was revoked and she was returned to incarceration.

Following the reclassification hearing and prior to filing in this case, Ms. Fratis filed a Petition for Writ of Habeas Corpus in Pitkin County District Court, which was converted to a motion under Colorado Rule of Criminal Procedure 35(c), asserting denial of due process and seeking reinstatement of her ISP status.  On December 2, 2004, the Pitkin County District Court entered an Order finding that the CDOC did not comply with Regulation 600-01 (the Classification Regulation), and ordered the CDOC to conduct a *de novo* reclassification hearing and that Ms. Fratis shall have the opportunity to appear and be heard.  Ms. Fratis seeks an Order in this case imposing fines on the CDOC "until this Plaintiff is re-instated to her all her liberties as she held prior to the unlawful act of the CDOC that is in direct violation of this Court's injunctive Order," and requests that the Defendants in this case be imprisoned until her "contempt of court has been satisfied."  Ms. Fratis further requests that DOC "post a notice of the right to regression hearings prior to being regressively classified in all CDOC facilities, including parole officers and community corrections facilities."

On August 4, 2005, Ms. Fratis filed a "Motion for Order to Presearve [sic] Status Quo," in which she complains that on or about June 15, 2005, the CDOC issued an Executive Assignment Order for her transfer from Pueblo Minimum Center, a level II facility, to Colorado Women's Correctional Facility, a level IV facility, without providing notice and an opportunity to be heard.  In this Motion, Ms. Fratis acknowledges that she was not, in fact, transferred, but notes that "there is nothing to stop the CDOC from trying again to retaliate against her and try to regress her without any notice or a hearing."  Ms. Fratis seeks from this Court an Order "that the CDOC not be allowed to

'regress' her to any facility above a level II, the level facility she is currently housed in, without first seeking approval from this court."

Finally, on August 22, 2005, Ms. Fratis filed a pleading entitled "Motion for Summary Judgment" in which she again complained that she is entitled to the injunctive relief sought in her Motion for Contempt Order, despite the fact that the Pitkin County District Court ordered a *de novo* hearing on her ISP revocation.

The Government filed a Response to Ms. Fratis's Motion for Contempt Order and Motion to Presearve [sic] Status Quo on August 12, 2005. In Response, the Government asserts that Ms. Fratis has no standing to seek relief in this case because she is not a member of the *Gurule* class. I agree. The class of prisoners in *Gurule* were inmates in the Colorado State Penitentiary who were complaining about internal transfers within that facility. Ms. Fratis is housed at the Pueblo Minimum Center, not the Colorado State Penitentiary, and the transfer about which she complains is not a transfer within the prison, but rather her transfer from ISP back to incarceration. Thus she cannot be a member of the class and lacks standing to assert the forms of relief requested in her various pleadings.

In conclusion, for the reasons stated above it is

ORDERED that Ms. Fratis's Motion for Contempt Order, filed January 6, 2005, is **DENIED**. It is

FURTHER ORDERED that Ms. Fratis's Motion for Order to Presearve [sic] Status Quo, filed August 4, 2005, is **DENIED**. It is

FURTHER ORDERED that Ms. Fratis's Motion for Summary Judgment, filed

August 22, 2005, is **DENIED**.  It is

> FURTHER ORDERED that any further motions filed by Ms. Fratis in this case shall be **STRICKEN**.  It is

> FURTHER ORDERED that the 5-day jury trial set for **Monday, August 28, 2006, at 9:00 a.m.** and the Final Trial Preparation Conference set for **Friday, August 4, 2006, at 9:00 a.m.** are vacated.  It is

> FURTHER ORDERED that pursuant to D.C.COLO.LR 41.1A, this case is administratively closed to be reopened for good cause shown.

Dated:  September 29, 2005

                                          BY THE COURT:

                                          s/ Wiley Y. Daniel
                                          Wiley Y. Daniel
                                          U. S. District Judge